IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>JOANICE JIMENEZ SALGADO<br><br>     Debtor(s) | Case No. 09-07166 (MCF)<br><br>Chapter 13<br><br>**FILED & ENTERED ON 03/06/2012** |
| JOANICE JIMENEZ SALGADO<br><br>     Plaintiff(s),<br><br>        v.<br><br>LPP MORTGAGE, LTD,<br><br>     Defendant(s) | Adv. No. 10-00100 (MCF) |

DECISION AND ORDER

The instant proceeding involves the determination of whether Defendant, LPP Mortgage, Ltd. (hereafter referred to as "Defendant"), incurred in a violation of the Chapter 7 discharge injunction against Plaintiff/Debtor, Joanice Jimenez Salgado (hereafter referred to as "Plaintiff").

The case was submitted to the Court as a matter of law for the preliminary issue of alleged violation of the discharge injunction by joint agreement of the parties at the Pretrial hearing held on November 17, 2011 (Docket No. 22). The issue of sanctions and/or award of damages, if any, has been held in abeyance subject to the

Court's resolution of this initial matter. The matter stands submitted based on the argumentation and uncontested facts contained at the parties' joint pretrial report (Docket No. 21) and the Spanish translations of the parties' pretrial exhibits (Docket No. 25). Consequently, the matter is ripe for Court determination.

## I. UNCONTESTED MATERIAL FACTS AND PROCEDURAL HISTORY

The relevant undisputed facts in this case are as follows:

1. Plaintiff and her husband filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 22, 2002 (Docket No. 1 of Case No. 02-01818 (ESL)).

2. On March 12, 2002, Beal Bank (the then holder of the mortgage note at bar) filed Proof of Claim No. 1 in the above-referenced bankruptcy case as a secured creditor for the principal sum of $53,700.00, plus interest, secured by a second mortgage over a real property located in Toa Baja, Puerto Rico (Exhibit 3 of Docket No. 25).

3. Plaintiff and her husband obtained a discharge order on April 15, 2003 (hereinafter referred to as the "Discharge Order"), which was notified to parties in interest, including Beal Bank, by first class mail on April 17, 2003 (Exhibit 1 and 2 of Docket No. 25).

4. Defendant, the current holder of the mortgage note, and the successor-in-interest of Beal Bank with regards to the note in question, filed a Complaint to foreclose the aforementioned note before the Commonwealth of Puerto Rico, Court of First Instance, Toa Alta Section on September 12, 2006, Case No. DC-2006-02670 (hereafter referenced to as the "Local Court Complaint")(Exhibit 7 of Docket No. 25).

5. A collection and foreclosure judgment was entered against Plaintiff and her husband on November 27, 2006 (hereafter referenced to as the "Local Court Judgment") (Exhibit 8 of Docket No. 25). The same included a provision which allows Defendant to collect from Plaintiff any deficiency left in the payment of the loan after the judicial sale of the property is completed.

6. Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code on August 28, 2009 (Docket No. 1 of Case No. 09-07166 (MCF)).

7. Defendant filed Proof of Claim No. 3 in Plaintiff's Chapter 13 case on October 28, 2009 (hereafter referenced to as "POC No. 3"). Defendant's claim was filed as partially secured and partially unsecured for the amount reflected in the Local Court Judgment (Exhibit 9 of Docket No. 25).

8. Plaintiff filed the instant Adversary Proceeding on June 22, 2010 (Docket No. 1).

3

## II. LEGAL ANALYSIS

One of the mayor cornerstones of our bankruptcy system and the ultimate goal for any individual debtor in bankruptcy is the issuance of a discharge injunction by the Court. The discharge is one of the primordial mechanisms which allows a debtor to obtain a financial "fresh start" as a result of the bankruptcy process. Laboy v. Firstbank P.R. (In re Laboy), Adv. No. 09-00047 (ESL), 2010 Bankr. LEXIS 345 (Bankr. D.P.R. Feb. 2, 2010) (Lamoutte, J.); In re Latanowich, 207 B.R. 326, 334 (Bankr. D. Mass. 1997).

The effects of the discharge injunction are outlined in Section 524 of the Bankruptcy Code, 11 U.S.C. § 524. Section 524(a) states, in relevant part, that:

> (a) A discharge in a case under this title--
>
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived;

11 U.S.C. § 524(a)(1) & (2).

4

While the bankruptcy discharge has been categorized as "extinguishing or releasing" debt, the truth of the matter is that a discharge does not address the continuing validity of the discharged debt. As such, the true "effect of a discharge is to interpose a permanent prohibition against debt collection rather than to absolve the underlying debt retroactively." 3 Norton Bankr. L. & Prac. § 58:2 (3d. ed. 2012) (hereinafter "Norton").

Should a creditor whose debt has been discharged in bankruptcy incur in postdischarge efforts to collect on its debt, it will be liable for violation of the discharge injunction under Section 524(a) of the Code.

> Section 524(a) ensures that a discharge will be completely effective and will operate as an injunction against the **commencement or continuation of an action or the employment of process to collect or recover a debt as a personal liability of the debtor**. Thus, it protects the debtor from a subsequent suit in a state court, or any other act to collect, by a creditor whose claim had been discharged in the title 11 case.

4-524 Collier on Bankruptcy P. 524.02 (2011) (emphasis added) (hereinafter "Collier").

It must be clarified, however, that Section 524(a) is not a blanket prohibition against every and all actions undertaken by creditors after the entry of discharge. In this regard, "[c]reditors are not prevented from postdischarge enforcement of a valid lien on property of the debtor that existed at the time of

5

the entry of the order for relief, if the lien was not avoided under the Code." Id.

Particularly, unless the creditor's lien was invalidated during the bankruptcy proceeding, a secured creditor's lien survives and is unaffected by the discharge injunction. Furthermore, the discharge injunction does not prevent the creditor from enforcing its lien, including the right to initiate foreclosure proceedings. Id.; Johnson v. Home State Bank, 501 U.S. 78, 83, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991); Long v. Bullard, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886); In re Moscoso Villaronga, 111 B.R. 13, 17-18 (Bankr. D.P.R. 1989) (de Jesus, J.).

When faced with this type of scenario, it is extremely important to define which enforcement rights are retained by the secured creditors postdischarge, and which actions are prohibited as a result of the entry of the discharge injunction. In the context of a secured creditor's postdischarge remedies for enforcement of its liens, the "**[a]ctions to collect against the debtor personally are enjoined. The creditor's action in enforcing a lien is against the property and is an action *in rem* with no recourse available against the debtor for any deficiency.**" Norton, *supra*, § 58:4 (emphasis added). See also In re Smiley, 26 B.R. 680, 684 (Bankr. D. Kan. 1982)(Section 524(a)(2) does not preclude creditors holding unavoided liens from exercising their *in rem*

6

rights postdischarge); <u>In re Cassi</u>, 24 B.R. 619, 626 (Bankr. N.D. Ind. 1982)(a valid, pre-filed lien that is not otherwise avoided during the bankruptcy proceedings is not extinguished by the discharge and remains enforceable *in rem*).

Based on the foregoing, in those cases where creditors retain a valid lien postdischarge, the discharge injunction under Section 542(a) estopps collection efforts against debtor's "personal liability" in the secured debt. As such, the creditor will only retain *in rem* remedies to enforce its lien postdischarge and may not be able to collect on the debt as a personal liability. This includes a prohibition for creditors to collect on any deficiency amount after exhaustion of their *in rem* rights. 11 U.S.C. § 524(a)(1); Collier, *supra*, P. 524.02; Norton, *supra*, § 58:4; <u>Johnson</u>, 501 U.S. 83; <u>Cassi</u>, 24 B.R. 619; <u>Smiley</u>, 26 B.R. 680. To pursue such *in personam* actions against a debtor will constitute a violation of the discharge injunction under Section 542(a)(2) of the Bankruptcy Code.

## III. DISCUSSION

According to the joint uncontested facts in this case, it is clear that Plaintiff obtained a Discharge Order in her Chapter 7 case on April 15, 2003. It is further admitted and uncontested that Beal Bank, the holder at the time of the mortgage note encumbering the real property in question, was notified of said Discharge Order

7

by first class mail on April 17, 2003 (Exhibit 1 and 2 of Docket No. 25). It is also uncontested that Defendant is the current holder of the referenced note and, thus, a successor-in-interest of Beal Bank with regards to said note.

Pursuant to the records of the Court, it appears that the lien covering the Toa Baja property was never contested nor objected to by Plaintiff as part of her Chapter 7 proceedings. Therefore, it is unquestioned that Defendant's lien remained valid after the entry of the Discharge Order. In accordance with the legal framework discussed at above, this entails that Defendant could have enforced its *in rem* postdischarge remedies in the mortgage covering the Toa Baja property after entry of the discharge order in the first bankruptcy case. Defendant is currently stayed from continuing with its Local Court action as a result of the second bankruptcy filing.

Plaintiff asserts that Defendant violated the discharge injunction in the following manners: (1) through the initiation of a local court collection and foreclosure complaint; (2) the obtention of a collection and foreclosure judgment; and (3) the subsequent filing of a proof of claim for the judgment amount in this recent Chapter 13 bankruptcy case

A) Violation of the discharge injunction through the filing of the Local Court Complaint and obtaining the Local Court Judgment

Plaintiff's first and second allegations for violation of the discharge injunction under 11 U.S.C. § 524(a)(2) stems from Defendant's filing of the Local Court action and obtaining the Local Court Judgment, wherein Defendant sought to collect on Plaintiff's *in personam* liability of the discharged debt.

Upon analyzing the contents of Defendant's Local Court Complaint, it is uncontested that the remedies sought by Defendant in the same were: (a) the collection of the amounts owed under the loan and the mortgage note; (b) the foreclosure and judicial sale of Plaintiff's real estate property; (c) the satisfaction of the outstanding amounts from the proceeds generated form the judicial sale;  and (d) should the proceeds of the judicial sale not be sufficient to cover the totality of the outstanding amounts under the loan, the collection of any deficiency from any other personal or real property held by Plaintiff (Exhibit 7 of Docket No. 25).

As previously explained, Defendant falls within the category of creditors who can enforce *in rem* remedies of their liens after the entry of the discharge injunction. These *in rem* acts include the right to initiate foreclosure proceedings, as well as other collorary acts in lieu of foreclosure. Collier, *supra*, P. 524.02; Norton, *supra*, § 58:4; Johnson, 501 U.S. 83; Cassi, 24 B.R. 619; Smiley, 26 B.R. 680.

According to Defendant's Local Court Complaint (Exhibit 7 of

9

Docket No. 25), it is clear that Defendant indeed initiated enforcement actions of its postdischarge *in rem* remedies over the lien encumbering the Toa Baja property. However, Defendant did not limit its request exclusively to the enforcement of its *in rem* remedies. Specifically, Defendant's fifth cause of action sought collection mechanisms against Plaintiff personally to recover any deficiency amount that may be left over from the underlying debt of the loan once the judicial sale of the Toa Baja property was completed (Pages 5 and 6 at ¶ (e) of Exhibit 7 of Docket No. 25). This cause of action constitutes an *in personam* collection of the discharged debt.

Defendant incurred in an impermissible action prohibited by the discharge injunction by having initiating collection actions of its *in personam* claim against Plaintiff. As such, Defendant incurred in a violation of the discharge injunction prohibited by 11 U.S.C. § 524(a)(2), by and through the commencement and continuation of the Local Court Complaint against Plaintiff.

Consequently, the Judgment entered by the Local Court on November 27, 2006 (Exhibit 8 of Docket No. 25), is null and void with regards to the provision for collection against Plaintiff on any deficiency left in the payment of the loan (the *in personam* liability), in accordance with the clear language of 11 U.S.C. §524(a)(1).

10

B) Violation of the discharge injunction through the filing of a Proof of Claim in Plaintiff's recent Chapter 13 proceedings

Plaintiff's third grounds for violation of the discharge injunction is based on Defendant's filing of POC No. 3 in Plaintiff's Chapter 13 case on October 28, 2009 (Exhibit 9 of Docket No. 25). Plaintiff argues that, by having included in said claim the prohibited amounts incorporated in the Local Court Judgment (i.e., the deficiency claim), Defendant is once again reasserting the validity of said amount in violation of the discharge injunction, as well as constitutes another collection effort by Defendant of the *in personam* liability of Plaintiff.

We begin our analysis by mentioning that Plaintiff does not provide any legal support in favor of this particular position. Specifically, Plaintiff does not discuss whether the mere filing of a proof of claim of a previously discharged debt constitutes a violation of the discharge injunction.

Notwithstanding this, the issue was discussed in the case of Clayton v. Roundup Funding, LLC (In re Clayton), Adv. No. 09-80167 (FLK), 2010 Bankr. LEXIS 3596 (Bankr. E.D. Wash. Oct. 12, 2010)(Kurtz, J.). In the Clayton case, a creditor filed a proof of claim in a debtor's Chapter 13 case, which consisted of a credit card debt that was discharged in debtor's prior bankruptcy proceeding. The Bankruptcy Court for the Eastern District of

11

Washington considered whether the filing of this proof of claim constituted a violation of the discharge injunction under Section 524(a) of the Code. The creditor argued that the discharge injunction only prohibits activities outside of the bankruptcy court, and that "the Bankruptcy Code permits creditors to file claims that are disputed and unenforceable claims for any reason, because the debtors have the affirmative duty to decide which claims to present to the bankruptcy court in an objection to claim proceeding." Clayton, 2010 Bankr. LEXIS 3596 at 14.

In considering the controversy, the Clayton court determined as follows:

> In order for the court to find that there was a violation of the injunction, the [debtors] must establish the violation of a specific court order. Like the section 362(a) injunction, the language of the section 524(a) injunction does not encompass the act of filing a claim against a bankruptcy estate. Additionally, if a creditor files a disputed and unenforceable claim, the Bankruptcy Code authorizes the debtor to object to the claim. If a creditor files a claim that abuses the judicial process, bankruptcy courts have both statutory and inherent authority to sanction the conduct. For the same reasons stated in the previous section, the court concludes [that the creditor] did not violate the discharge injunction of section 524(a) by filing a proof of claim in [the debtor's] Chapter 13 bankruptcy case.

Id. at 14-15.

We agree with the rationale of the Clayton decision and apply it to the instant case. As such, the Court hereby finds that

12

Defendant did not incur in a violation of the discharge injunction under Section 524(a) of the Bankruptcy Code through the mere filing of POC No. 3 in Plaintiff's recent Chapter 13 case.

<u>ORDER</u>

WHEREFORE, THE COURT HEREBY determines that:

1) This Decision and Order constitutes the Court's findings of fact and conclusions of law;

2) Defendant incurred in a violation of the discharge injunction under 11 U.S.C. § 524(a)(2), by, and through, the commencement and continuation of the Local Court Complaint against Plaintiff;

3) The Local Court Judgment is null and void with regards to Plaintiff's *in personam* liability of the loan, pursuant to the provisions of 11 U.S.C. § 524(a)(1);

4) Defendant did not incur in a violation of the discharge injunction through the filing of Proof of Claim No. 3.

As a result of the Court's determination that Defendant violated the discharge order, the Court hereby schedules a Pretrial Hearing on the issue of award of sanctions and/or damages for violation of the discharge injunction for May 30, 2012 at 10:00 a.m. A separate order will be issued to this effect.

SO ORDERED.

13

San Juan, Puerto Rico, this 6th day of March, 2012.

*Mildred Caban*

**Mildred Caban Flores**
**U.S. Bankruptcy Judge**

14